**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| Sandpiper CDN, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>Microsoft Corporation,<br><br>*Defendant*. | Civil Case No. 2:26-cv-00681 |

**MICROSOFT CORPORATION'S ANSWER AND DEFENSES TO SANDPIPER CDN, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Microsoft Corporation ("Microsoft"), by and through its undersigned counsel, hereby files this Answer to the Complaint for Patent Infringement (the "Complaint," Dkt. No. 1) of Plaintiff Sandpiper CDN, LLC ("Sandpiper CDN," "Sandpiper," or "Plaintiff"). Microsoft denies each and every allegation and characterization in the Complaint unless expressly admitted herein. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that Sandpiper CDN may argue follow from the admitted facts. Microsoft denies that Sandpiper CDN is entitled to the requested relief or any other relief. Microsoft denies any allegation that may be implied or inferred from the headings, footnotes, images, or unnumbered portions of the Complaint. The numbered paragraphs below correspond to the numbered paragraphs of the Complaint. Headings are reproduced solely for convenience, and to the extent they contain allegations, Microsoft denies them.

## INTRODUCTION

1. Microsoft admits that Paragraph 1 appears to cite a Microsoft earnings press release, together with a corresponding web address. Microsoft specifically denies that it infringes,

willfully or otherwise, any valid and enforceable claim of any patent owned by Sandpiper CDN. Microsoft denies any remaining allegations in Paragraph 1 of the Complaint.

2. Microsoft admits that Sandpiper CDN filed a complaint for patent infringement against Microsoft in this District in June 2025, captioned *Sandpiper CDN, LLC v. Microsoft Corp.*, No. 2:25-cv-00664-JRG-RSP (E.D. Tex.) ("*Microsoft I*"), and that the pleadings in *Microsoft I* are matters of public record that speak for themselves. Microsoft specifically denies that it infringes, willfully or otherwise, any valid and enforceable claim of the patents asserted in *Microsoft I*. Microsoft specifically denies that it "decided to pay nothing and use the patented technology anyway." Microsoft denies any remaining allegations in Paragraph 2 of the Complaint.

3. Microsoft admits that Paragraph 3 appears to cite a Lumen service guide, an archived Level 3 webpage, an article from "sdxcentral," a Microsoft webpage, and Microsoft Tech Community blog posts, together with corresponding web addresses. Microsoft admits that it offers Azure Traffic Manager and that certain Microsoft materials describe Azure Traffic Manager as a global load balancer that uses the Domain Name System (DNS) protocol. Microsoft specifically denies that it copied any product, service, or technology of Sandpiper CDN or any of its alleged predecessors. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the services offered by Level 3 or whether Level 3 practiced any patent, and therefore denies them. Microsoft denies any remaining allegations in Paragraph 3 of the Complaint.

4. Microsoft denies each and every allegation in Paragraph 4 of the Complaint.

5. Microsoft admits that *Microsoft I* was filed more than one year before the Complaint in this action. Microsoft specifically denies that it has infringed or continues to infringe

any valid and enforceable claim of any patent owned by Sandpiper CDN. Microsoft denies any remaining allegations in Paragraph 5 of the Complaint.

## NATURE OF THE ACTION

6. Microsoft admits that the Complaint purports to allege claims for patent infringement arising under 35 U.S.C. § 271, *et seq.*, of U.S. Patent Nos. 9,021,112 (the "'112 Patent"), 7,822,871 (the "'871 Patent"), 7,860,964 (the "'964 Patent"), 10,116,738 (the "'738 Patent"), 8,645,517 (the "'517 Patent"), 9,660,876 (the "'876 Patent"), 9,647,899 (the "'899 Patent"), and 8,156,066 (the "'066 Patent") (collectively, the "Asserted Patents"). Microsoft admits that documents appearing to be copies of the Asserted Patents are attached to the Complaint as Exhibits A–H. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Sandpiper CDN owns the Asserted Patents and that Sandpiper CDN and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre- and post-filing damages, including compliance with 35 U.S.C. § 287, and therefore denies those allegations. Microsoft denies any remaining allegations in Paragraph 6 of the Complaint.

## PARTIES

7. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore denies them.

8. Microsoft admits that it is a corporation with its principal place of business at One Microsoft Way, Redmond, Washington 98052. Microsoft admits—for purposes of this action only—that it is registered to do business in Texas and that it may be served with process through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701. Microsoft denies any remaining allegations in Paragraph 8 of the Complaint.

**JURISDICTION AND VENUE**

9. Paragraph 9 states legal conclusions to which no response is required. To the extent a response is required, Microsoft admits that the Complaint purports to allege an action arising under the patent laws of the United States, Title 35 of the United States Code, and admits—solely for purposes of this action—that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Microsoft denies that it has infringed any valid and enforceable claim of the Asserted Patents. Microsoft denies any remaining allegations in Paragraph 9 of the Complaint.

10. Microsoft admits—for purposes of this action only—that this Court has personal jurisdiction over Microsoft. Microsoft admits that it sells and offers to sell products and services throughout the United States, including in the State of Texas. Microsoft specifically denies that it has committed any acts of patent infringement in this District, the State of Texas, or elsewhere. Microsoft denies any remaining allegations in Paragraph 10 of the Complaint.

11. Microsoft admits that it, directly and/or through subsidiaries and intermediaries, markets, offers, and sells products and services, including in the State of Texas. Microsoft specifically denies that it has committed acts of infringement in this District, the State of Texas, or elsewhere. Microsoft denies any remaining allegations in Paragraph 11 of the Complaint.

12. Microsoft—for purposes of this action only—does not assert that venue is improper in this District, but denies that venue is convenient. Microsoft specifically denies that it maintains a regular and established place of business in this District. Microsoft specifically denies that it has committed any acts of patent infringement in this District, the State of Texas, or elsewhere. Microsoft denies any remaining allegations in Paragraph 12 of the Complaint.

13. Microsoft admits—for purposes of this action only—that this Court has personal jurisdiction over Microsoft. Microsoft admits that it is registered to do business in the State of

Texas, and that it sells and offers to sell products and services throughout the United States, including in the State of Texas. Microsoft admits that Paragraph 13 appears to cite a Microsoft webpage, together with a corresponding web address. Microsoft admits that it maintains offices in Austin, Houston, Irving, and San Antonio, all of which are outside this District. Microsoft denies that it maintains an office in Frisco. Microsoft specifically denies that it has committed any acts of patent infringement in this District, the State of Texas, or elsewhere. Microsoft denies any remaining allegations in Paragraph 13 of the Complaint.

14. Microsoft admits that Paragraph 14 appears to cite and quote from several Microsoft webpages, together with corresponding web addresses. Microsoft denies that it operates "Microsoft Windows Stores" within Best Buy retail locations in this District. Microsoft specifically denies that it maintains a regular and established place of business in this District. Microsoft denies any remaining allegations in Paragraph 14 of the Complaint.

15. Microsoft admits that Paragraph 15 appears to refer to a property search of the Collin Central Appraisal District. Microsoft specifically denies that it maintains a regular and established place of business in this District. Microsoft denies any remaining allegations in Paragraph 15 of the Complaint.

16. Microsoft admits that Paragraph 16 appears to refer to a property search of the Denton Central Appraisal District. Microsoft specifically denies that it maintains a regular and established place of business in this District. Microsoft denies any remaining allegations in Paragraph 16 of the Complaint.

17. Microsoft denies that it holds "approximately $2 million worth of business personal property" at Aligned Data Center, at 2800 Summit Avenue, Plano, Texas 75074, within this District. Microsoft denies any remaining allegations in Paragraph 17 of the Complaint.

18. Microsoft admits that Paragraph 18 appears to cite and refer to a Microsoft webpage identifying metros containing point-of-presence (POP) locations for Azure Content Delivery Network products. Microsoft specifically denies that it maintains a regular and established place of business in this District. Microsoft denies any remaining allegations in Paragraph 18 of the Complaint.

19. Microsoft denies each and every allegation in Paragraph 19 of the Complaint.

20. Microsoft admits that Paragraph 20 appears to cite Datacenter Dynamics and Investor's Business Daily articles, together with corresponding web addresses. Microsoft denies that it maintains a regular and established place of business in this District. Microsoft denies any remaining allegations in Paragraph 20 of the Complaint.

21. To the extent Paragraph 21 states legal conclusions, including characterizing other judicial proceedings, no response is required. To the extent a response is required, Microsoft admits that it has been a party to patent litigation in this District, including *Microsoft I*. Microsoft denies that any prior litigation conduct establishes that Microsoft maintains a regular and established place of business in this District or that venue is convenient here, and denies that it has committed any acts of patent infringement in this District. Microsoft denies any remaining allegations in Paragraph 21 of the Complaint.

22. Microsoft admits—for purposes of this action only—that this Court has personal jurisdiction over Microsoft. Microsoft admits that it sells and offers to sell products and services throughout the United States, including in the State of Texas. To the extent Paragraph 22 states legal conclusions, no response is required. Microsoft denies that it has directed any infringing activities to this District and denies that it has committed any acts of patent infringement in this

District, the State of Texas, or elsewhere. Microsoft denies any remaining allegations in Paragraph 22 of the Complaint.

23. Microsoft—for purposes of this action only—does not assert that venue is improper in this District, but denies that venue is convenient. Microsoft specifically denies that it maintains a regular and established place of business in this District. Microsoft specifically denies that it performs any method of the Asserted Claims, or any step thereof, and denies that it commits any acts of patent infringement in this District, the State of Texas, or elsewhere. Microsoft denies any remaining allegations in Paragraph 23 of the Complaint.

24. Microsoft—for purposes of this action only—does not assert that venue is improper in this District, but denies that venue is convenient. Microsoft admits that the action identified in Paragraph 24, *Sandpiper CDN, LLC v. Comcast Cable Communications, LLC*, No. 2:24-cv-00886-JRG (E.D. Tex.), and the related Federal Circuit proceeding are matters of public record that speak for themselves. Microsoft denies that litigation between Sandpiper CDN and third parties renders venue in this District convenient for this action. Microsoft denies any remaining allegations in Paragraph 24 of the Complaint.

## SANDPIPER NETWORKS REVOLUTIONIZES NETWORKING TECHNOLOGIES VITAL FOR CONTENT DELIVERY

25. Microsoft admits that content delivery networks are used to deliver online content to consumers. Microsoft denies the characterizations in Paragraph 25 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint, and therefore denies them.

26. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies them.

27. Microsoft specifically denies that it imitated any service, architecture, or invention of Andrew Swart, David Farber, or Sandpiper Networks. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint, and therefore denies them.

28. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies them.

29. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore denies them.

30. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies them.

31. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore denies them.

32. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies them.

33. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore denies them.

34. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and therefore denies them.

35. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and therefore denies them.

36. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and therefore denies them.

37. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and therefore denies them.

38. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and therefore denies them.

**MICROSOFT'S [ALLEGED] INFRINGEMENT OF THE ASSERTED PATENTS**

39. Microsoft denies each and every allegation in Paragraph 39 of the Complaint.

40. Microsoft denies each and every allegation in Paragraph 40 of the Complaint.

41. Microsoft admits that it has used content delivery network services provided by third parties. Microsoft denies any remaining allegations in Paragraph 41 of the Complaint.

42. Microsoft admits that it has used content delivery network services provided by third parties, including Level 3. Microsoft denies any remaining allegations in Paragraph 42 of the Complaint.

43. Microsoft admits that Paragraph 43 appears to cite a 2009 Content Delivery Summit presentation, together with a corresponding web address. Microsoft denies any remaining allegations in Paragraph 43 of the Complaint.

44. Microsoft admits that it offers a service called Azure CDN. Microsoft denies any remaining allegations in Paragraph 44 of the Complaint.

45. Microsoft admits that Azure CDN has offered solutions from third-party providers. Microsoft admits that Paragraph 45 appears to refer to a Microsoft Azure blog post, together with a corresponding web address. Microsoft denies any remaining allegations in Paragraph 45 of the Complaint.

46. Microsoft admits that Paragraph 46 appears to cite a Streaming Media Blog post, together with a corresponding web address. Microsoft admits that it has used content delivery

network services provided by third parties, including Level 3. Microsoft denies any remaining allegations in Paragraph 46 of the Complaint.

47. Microsoft admits that, in or around May 2018, it announced a content delivery network offering, and admits that Paragraph 47 appears to cite a Microsoft Azure blog post, together with a corresponding web address. Microsoft denies any remaining allegations in Paragraph 47 of the Complaint.

48. Microsoft denies each and every allegation in Paragraph 48 of the Complaint.

49. Microsoft admits that it has not licensed the Asserted Patents from Sandpiper CDN. Microsoft denies any remaining allegations in Paragraph 49 of the Complaint.

**MICROSOFT [ALLEGEDLY] LEARNS OF THE ASSERTED PATENTS AND [ALLEGEDLY] WILLFULLY INFRINGES THEM**

50. Microsoft denies each and every allegation in Paragraph 50 of the Complaint.

51. Microsoft denies each and every allegation in Paragraph 51 of the Complaint.

52. Microsoft admits that Paragraph 52 appears to cite a Tech Monitor article, together with a corresponding web address. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 of the Complaint, and therefore denies them.

53. Microsoft admits that Paragraph 53 appears to cite numerous webpages and publicly filed documents from *Level 3 Communications, LLC v. Limelight Networks, Inc.*, No. 09-589 (D. Del.). Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 of the Complaint, and therefore denies them.

54. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint, including because they relate to Mr. Andrew Swart's alleged understanding and recollection, and therefore denies them.

55. Microsoft admits that Paragraph 55 appears to cite publicly filed documents and articles. Microsoft admits that, at certain times, it evaluated and used third-party content delivery technologies and services. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the Complaint, and therefore denies them.

56. Microsoft admits that the face of the ’112 Patent lists the “filed” date as March 18, 2008 and the “prior publication data” as US 2008/0235400 A1 with a corresponding date of September 25, 2008. Microsoft admits that the face of the ’871 Patent lists the “filed” date as September 30, 2002 and the “prior publication data” as US 2003/0065762 A1 with a corresponding date of April 3, 2003. Microsoft admits that the face of the ’964 Patent lists the “filed” date as October 26, 2007 and the “prior publication data” as US 2008/0215718 A1 with a corresponding date of September 4, 2008. Microsoft denies any remaining allegations in Paragraph 56 of the Complaint.

57. Microsoft admits that Paragraph 57 appears to cite articles and press materials, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 57 of the Complaint.

58. Microsoft admits that Paragraph 58 appears to cite a Data Center Knowledge article, together with a corresponding web address. Microsoft denies any remaining allegations in Paragraph 58 of the Complaint.

59. Microsoft admits that it has used content delivery network services provided by third parties, including Level 3. Microsoft denies any remaining allegations in Paragraph 59 of the Complaint.

60. Microsoft denies each and every allegation in Paragraph 60 of the Complaint.

61. Microsoft admits that the lawsuits identified in Paragraph 61, *Sandpiper CDN, LLC v. Google LLC*, No. 2:24-cv-03951-AB (C.D. Cal.), *Sandpiper CDN, LLC v. Comcast Cable Communications, LLC*, No. 2:24-cv-00886-JRG (E.D. Tex.), and *Sandpiper CDN, LLC v. Cox Communications, Inc.*, No. 1:26-cv-03893-ELR (N.D. Ga.), are matters of public record. Microsoft denies any remaining allegations in Paragraph 61 of the Complaint.

62. Microsoft admits that Paragraph 62 appears to cite a Bloomberg Law article, together with a corresponding web address. Microsoft denies any remaining allegations in Paragraph 62 of the Complaint.

63. Microsoft admits that Paragraph 63 appears to cite publicly filed documents from *Xockets, Inc. v. NVIDIA Corp. et al*, Case No. 6:24-cv-00453-LS (W.D. Tex.). Microsoft denies any remaining allegations in Paragraph 63 of the Complaint.

64. Microsoft denies each and every allegation in Paragraph 64 of the Complaint.

65. Microsoft denies each and every allegation in Paragraph 65 of the Complaint.

66. Microsoft admits that publicly filed documents show that the *Comcast* case was dismissed with prejudice on or around May 4, 2026. *See Sandpiper CDN, LLC v. Comcast Cable Communications, LLC*, No. 2:24-cv-00886-JRG, Dkt. 134 (Order Dismissing Case with Prejudice) (E.D. Tex. May 4, 2026). Microsoft denies any remaining allegations in Paragraph 66 of the Complaint.

67. Microsoft denies each and every allegation in Paragraph 67 of the Complaint.

68. Microsoft admits that Sandpiper CDN filed *Microsoft I* in June 2025 and thereafter filed amended complaints in that action, including a Second Amended Complaint (*Microsoft I*, Dkt. No. 41), which are matters of public record that speak for themselves. Microsoft denies any remaining allegations in Paragraph 68 of the Complaint.

69. Microsoft admits that Paragraph 69 appears to cite a Lumen service guide and an archived Level 3 webpage, together with corresponding web addresses. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the services offered by Level 3 or whether Level 3 practiced any patent, and therefore denies them. Microsoft denies any remaining allegations in Paragraph 69 of the Complaint.

70. Microsoft admits that it offers Azure Traffic Manager and that certain Microsoft materials describe Azure Traffic Manager as a global load balancer that uses the Domain Name System (DNS) protocol. Microsoft admits that Paragraph 70 appears to cite an SDxCentral article and a Microsoft webpage, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 70 of the Complaint.

71. Microsoft admits that Paragraph 71 appears to cite and quote from a Microsoft Tech Community blog post regarding Azure Front Door, together with a corresponding web address. Microsoft denies any remaining allegations in Paragraph 71 of the Complaint.

72. Microsoft admits that the faces of U.S. Patent Nos. 7,467,203; 8,577,892; 10,127,295; and 10,855,596 cite U.S. Patent Application Publication No. 2003/0065762 under "References Cited." Microsoft denies that the face of U.S. Patent No. 8,236,980 cites U.S. Patent Application Publication No. 2003/0065762. Microsoft denies any remaining allegations in Paragraph 72 of the Complaint.

73. Microsoft admits that the docket in *Microsoft I* reflects a Report and Recommendation (Dkt. No. 56) and an Order adopting it (Dkt. No. 104), which speak for themselves. Microsoft specifically denies that it intended to infringe, or has infringed, any valid and enforceable patent claim. Microsoft denies any remaining allegations in Paragraph 73 of the Complaint.

74. Microsoft denies each and every allegation in Paragraph 74 of the Complaint.

75. Microsoft denies each and every allegation in Paragraph 75 of the Complaint.

## SANDPIPER CDN

76. Microsoft admits that Sandpiper CDN has brought this suit. Microsoft specifically denies that it has committed any acts of patent infringement. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 of the Complaint, and therefore denies them.

77. Microsoft denies each and every allegation in Paragraph 77 of the Complaint.

## ASSERTED PATENTS

78. Microsoft admits that Exhibit A to the Complaint appears to be a copy of the ’112 Patent, and that the face of the ’112 Patent indicates that it is entitled “Content Request Routing and Load Balancing for Content Distribution Networks.” Microsoft admits that the face of the ’112 Patent lists “Division of application No. 09/982,721, filed on Oct. 18, 2001” under “Related U.S. Application Data.” Microsoft denies any remaining allegations in Paragraph 78 of the Complaint.

79. Microsoft admits that Paragraph 79 purports to cite to the ’112 Patent. Microsoft denies any remaining allegations in Paragraph 79 of the Complaint.

80. Microsoft admits that Paragraph 80 purports to cite to the ’112 Patent. Microsoft denies any remaining allegations in Paragraph 80 of the Complaint.

81. Microsoft admits that Paragraph 81 purports to cite to the ’112 Patent. Microsoft denies any remaining allegations in Paragraph 81 of the Complaint.

82. Microsoft admits that Paragraph 82 purports to cite to the ’112 Patent. Microsoft denies any remaining allegations in Paragraph 82 of the Complaint.

83. Microsoft admits that Exhibit B to the Complaint appears to be a copy of the ’871 Patent, and that the face of the ’871 Patent indicates that it is entitled “Configurable Adaptive Global Traffic Control and Management.” Microsoft admits that the face of the ’871 Patent lists the application number as “10/259,497” and the “filed” date as September 30, 2002. Microsoft admits that the face of the ’871 patent lists “Provisional application No. 60/325,177, filed on Sep. 28, 2001” under “Related U.S. Application Data.” Microsoft denies any remaining allegations in Paragraph 83 of the Complaint.

84. Microsoft admits that Paragraph 84 purports to cite to the ’871 Patent. Microsoft denies any remaining allegations in Paragraph 84 of the Complaint.

85. Microsoft admits that Paragraph 85 purports to cite to the ’871 Patent. Microsoft denies any remaining allegations in Paragraph 85 of the Complaint.

86. Microsoft admits that Exhibit C to the Complaint appears to be a copy of the ’964 Patent, and that the face of the ’964 Patent indicates that it is entitled “Policy-Based Content Delivery Network Selection.” Microsoft admits that the face of the ’964 Patent lists “Continuation-in-part of application No. 10/259,497, filed on Sep. 30, 2002” and “Provisional application No. 60/325,177, filed on Sep. 28, 2001” under “Related U.S. Application Data.” Microsoft denies any remaining allegations in Paragraph 86 of the Complaint.

87. Microsoft admits that Paragraph 87 purports to cite to the ’964 Patent. Microsoft denies any remaining allegations in Paragraph 87 of the Complaint.

88. Microsoft admits that Paragraph 88 purports to cite to the ’964 Patent. Microsoft denies any remaining allegations in Paragraph 88 of the Complaint.

89. Microsoft admits that Paragraph 89 purports to cite to the ’964 Patent. Microsoft denies any remaining allegations in Paragraph 89 of the Complaint.

90. Microsoft admits that Exhibit D to the Complaint appears to be a copy of the ’876 Patent, and that the face of the ’876 Patent indicates that it is entitled “Collector Mechanism in Content Delivery Network.” Microsoft admits that the face of the ’876 Patent lists “Continuation of application No. 13/802,440, filed on Mar. 13, 2013” and “Provisional application No. 61/737,072, filed on Dec. 13, 2012” under “Related U.S. Application Data.” Microsoft denies any remaining allegations in Paragraph 90 of the Complaint.

91. Microsoft denies each and every allegation in Paragraph 91 of the Complaint.

92. Microsoft admits that Paragraph 92 purports to cite to the ’876 Patent and its prosecution history. Microsoft denies any remaining allegations in Paragraph 92 of the Complaint.

93. Microsoft admits that Paragraph 93 purports to characterize the ’876 Patent. Microsoft denies any remaining allegations in Paragraph 93 of the Complaint.

94. Microsoft admits that Exhibit E to the Complaint appears to be a copy of the ’899 Patent, and that the face of the ’899 Patent indicates that it is entitled “Framework Supporting Content Delivery with Content Delivery Services.” Microsoft admits that the face of the ’899 Patent lists the “filed” date as December 14, 2012. Microsoft admits that the face of the ’899 Patent lists “Provisional application No. 61/737,072, filed on Dec. 13, 2012” under “Related U.S. Application Data.” Microsoft denies any remaining allegations in Paragraph 94 of the Complaint.

95. Microsoft admits that Paragraph 95 purports to cite to the ’899 Patent. Microsoft denies any remaining allegations in Paragraph 95 of the Complaint.

96. Microsoft admits that Paragraph 96 purports to cite to the ’899 Patent. Microsoft denies any remaining allegations in Paragraph 96 of the Complaint.

97. Microsoft admits that Paragraph 97 purports to cite to the ’899 Patent. Microsoft denies any remaining allegations in Paragraph 97 of the Complaint.

98. Microsoft admits that Exhibit F to the Complaint appears to be a copy of the ’738 Patent, and that the face of the ’738 Patent indicates that it is entitled “Detecting anomalous conditions in a name server network.” Microsoft admits that the face of the ’738 Patent lists the “filed” date as November 30, 2015. Microsoft admits that the face of the ’738 Patent lists “Continuation of application No. 11/932,162, filed on Oct. 31, 2007, now Pat. No. 9,203,636, which is a continuation of application No. 10/259,497, filed on Sep. 30, 2002, now Pat. No. 7,822,871” and “Provisional application No. 60/325,177, filed on Sep. 28, 2001” under “Related U.S. Application Data.” Microsoft denies any remaining allegations in Paragraph 98 of the Complaint.

99. Microsoft admits that Paragraph 99 purports to characterize the ’738 Patent. Microsoft denies any remaining allegations in Paragraph 99 of the Complaint.

100. Microsoft admits that Paragraph 100 purports to characterize the ’738 Patent. Microsoft denies any remaining allegations in Paragraph 100 of the Complaint.

101. Microsoft admits that Paragraph 101 purports to characterize the ’738 Patent. Microsoft denies any remaining allegations in Paragraph 101 of the Complaint.

102. Microsoft admits that Exhibit G to the Complaint appears to be a copy of the ’066 Patent, and that the face of the ’066 Patent indicates that it is entitled “Rule-Based Content Request Handling.” Microsoft admits that the face of the ’066 Patent lists April 10, 2012 as the “Date of Patent.” Microsoft admits that the face of the ’066 Patent lists “Provisional application No. 61/043,663, filed on Apr. 9, 2008” under “Related U.S. Application Data.” Microsoft denies any remaining allegations in Paragraph 102 of the Complaint.

103. Microsoft admits that Paragraph 103 purports to characterize the ’066 Patent. Microsoft denies any remaining allegations in Paragraph 103 of the Complaint.

104. Microsoft admits that Paragraph 104 purports to cite to the ’066 Patent. Microsoft denies any remaining allegations in Paragraph 104 of the Complaint.

105. Microsoft admits that Exhibit H to the Complaint appears to be a copy of the ’517 Patent, and that the face of the ’517 Patent indicates that it is entitled “Policy-Based Content Delivery Network Selection.” Microsoft admits that the face of the ’517 Patent lists “Continuation of application No. 11/976,648, filed on Oct. 26, 2007, now Pat. No. 7,860,964, which is a continuation-in-part of application No. 10/259,497, filed on Sep. 30, 2002, now Pat. No. 7,822,871, said application No. 12/978,537 is a continuation-in-part of application No. 11/932,162, filed on Oct. 31, 2007, which is a continuation of application No. 10/259,497” under “Related U.S. Application Data.” Microsoft denies any remaining allegations in Paragraph 105 of the Complaint.

106. Microsoft denies each and every allegation in Paragraph 106 of the Complaint.

107. Microsoft admits that Paragraph 107 purports to characterize the ’517 Patent. Microsoft denies any remaining allegations in Paragraph 107 of the Complaint.

## <u>THE ACCUSED MICROSOFT FUNCTIONALITIES</u>

108. Microsoft admits that Azure provides a cloud computing platform, and that it has offered certain content delivery products and services under the names identified in Paragraph 108. Microsoft admits that it uses content delivery infrastructure in connection with certain of its own content, updates, and services. Microsoft admits that Paragraph 108 appears to cite Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 108 of the Complaint.

109. Microsoft admits that its Azure CDN products offer coverage through distributed points of presence, including in North America. Microsoft admits that Azure CDN products

include various performance and configuration features, and that a Microsoft content delivery network preview was announced in or around May 2018. Microsoft admits that Paragraph 109 appears to cite Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 109 of the Complaint.

110. Microsoft admits that it offers Azure Front Door and that certain Microsoft materials describe that Azure Front Door offers a content delivery network that uses Microsoft's global edge network to help provide secure access to web applications. Microsoft admits that Paragraph 110 appears to cite and quote from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 110 of the Complaint.

111. Microsoft admits that it offers Azure Policy and that certain Microsoft materials describe Azure Policy as helping enforce organizational standards and assess compliance. Microsoft admits that Paragraph 111 appears to cite webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 111 of the Complaint.

112. Microsoft admits that it offers Azure Resource Manager and that certain Microsoft materials describe Azure Resource Manager as a management layer for Azure resources. Microsoft admits that in or around 2014, Azure announced Resource Manager. Microsoft admits that Paragraph 112 appears to cite webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 112 of the Complaint.

113. Microsoft admits that it offers Azure Traffic Manager and that certain Microsoft materials describe Azure Traffic Manager as "a DNS-based traffic load balancer that distributes traffic to [] public-facing applications across global Azure regions" and that "Traffic Manager provides [] public endpoints with high availability and quick responsiveness." Microsoft admits

that Paragraph 113 appears to cite Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 113 of the Complaint.

114. Microsoft admits that it offers Azure Monitor and that certain Microsoft materials describe Azure Monitor as "Microsoft's unified observability service for collecting, analyzing, and acting on telemetry from cloud and hybrid environments" and that "[i]t enables [users] to understand the health, performance, and reliability of [their] Azure applications and infrastructure resources by bringing together metrics, logs, traces, and events into a single observability experience." Microsoft admits that Paragraph 114 appears to cite and reproduce a screenshot from a Microsoft webpage, together with a corresponding web address. Microsoft denies any remaining allegations in Paragraph 114 of the Complaint.

115. Microsoft admits that it offers Azure Peering Service and that certain Microsoft materials describe Azure Peering Service as "a networking service that enhances the connectivity to Microsoft cloud services such as Microsoft 365, Dynamics 365, software as a service (SaaS) services, Azure, or any Microsoft services accessible via the public internet." Microsoft admits that Paragraph 115 appears to cite Microsoft webpages and reproduces a screenshot from a Microsoft webpage, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 115 of the Complaint.

116. Microsoft admits that certain Microsoft content delivery products and services have been offered to customers and that Microsoft uses content delivery infrastructure in connection with certain of its own content, updates, and services. Microsoft denies any remaining allegations in Paragraph 116 of the Complaint.

117. Microsoft admits that Paragraph 117 defines the term "Accused Microsoft Functionalities." Microsoft denies any remaining allegations in Paragraph 117 of the Complaint.

**COUNT I: [ALLEGED] INFRINGEMENT OF THE '112 PATENT**

118. Microsoft repeats and incorporates by reference its responses to each of the preceding paragraphs as though fully set forth herein.

119. Microsoft specifically denies that it infringes, directly or jointly, any claim of the '112 Patent. Microsoft admits that Paragraph 119 appears to cite and/or reproduce screenshots from a Microsoft webpage, together with a corresponding web address. Microsoft denies any remaining allegations in Paragraph 119 of the Complaint.

120. Microsoft admits that Paragraph 120 appears to cite and/or reproduce screenshots from Microsoft webpages and other materials, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 120 of the Complaint.

121. Microsoft denies each and every allegation in Paragraph 121 of the Complaint.

**COUNT II: [ALLEGED] INFRINGEMENT OF THE '871 PATENT**

122. Microsoft repeats and incorporates by reference its responses to each of the preceding paragraphs as though fully set forth herein.

123. Microsoft specifically denies that it infringes, directly or jointly, any claim of the '871 Patent. Microsoft admits that Paragraph 123 appears to cite and/or reproduce screenshots from a Microsoft webpage, together with a corresponding web address. Microsoft denies any remaining allegations in Paragraph 123 of the Complaint.

124. Microsoft admits that Paragraph 124 appears to cite and/or reproduce a screenshot from a Microsoft webpage, together with a corresponding web address. Microsoft denies any remaining allegations in Paragraph 124 of the Complaint.

125. Microsoft admits that Paragraph 125 appears to cite and/or reproduce a screenshot from a Microsoft webpage, together with a corresponding web address. Microsoft denies any remaining allegations in Paragraph 125 of the Complaint.

126. Microsoft admits that Paragraph 126 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 126 of the Complaint.

127. Microsoft admits that Paragraph 127 appears to cite and/or reproduce a screenshot from a Microsoft webpage, together with a corresponding web address. Microsoft denies any remaining allegations in Paragraph 127 of the Complaint.

128. Microsoft admits that Paragraph 128 appears to cite and/or reproduce a screenshot from a Microsoft webpage, together with a corresponding web address. Microsoft denies any remaining allegations in Paragraph 128 of the Complaint.

129. Microsoft admits that Paragraph 129 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 129 of the Complaint.

130. Microsoft admits that Paragraph 130 appears to cite and/or reproduce a screenshot from a Microsoft webpage, together with a corresponding web address. Microsoft denies any remaining allegations in Paragraph 130 of the Complaint.

131. Microsoft admits that Paragraph 131 appears to cite and/or reproduce a screenshot from a Microsoft webpage, together with a corresponding web address. Microsoft denies any remaining allegations in Paragraph 131 of the Complaint.

132. Microsoft denies each and every allegation in Paragraph 132 of the Complaint.

**COUNT III: [ALLEGED] INFRINGEMENT OF THE ’964 PATENT**

133. Microsoft repeats and incorporates by reference its responses to each of the preceding paragraphs as though fully set forth herein.

134. Microsoft specifically denies that it infringes, directly or jointly, any claim of the ’964 Patent. Microsoft admits that Paragraph 134 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 134 of the Complaint.

135. Microsoft admits that Paragraph 135 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 135 of the Complaint.

136. Microsoft admits that Paragraph 136 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 136 of the Complaint.

**COUNT IV: [ALLEGED] INFRINGEMENT OF THE ’899 PATENT**

137. Microsoft repeats and incorporates by reference its responses to each of the preceding paragraphs as though fully set forth herein.

138. Microsoft specifically denies that it infringes, directly or jointly, any claim of the ’899 Patent. Microsoft admits that Paragraph 138 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 138 of the Complaint.

139. Microsoft admits that Paragraph 139 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 139 of the Complaint.

140. Microsoft admits that Paragraph 140 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 140 of the Complaint.

**COUNT V: [ALLEGED] INFRINGEMENT OF THE '876 PATENT**

141. Microsoft repeats and incorporates by reference its responses to each of the preceding paragraphs as though fully set forth herein.

142. Microsoft specifically denies that it infringes, directly or jointly, any claim of the '876 Patent. Microsoft admits that Paragraph 142 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 142 of the Complaint.

143. Microsoft admits that Paragraph 143 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 143 of the Complaint.

144. Microsoft admits that Paragraph 144 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 144 of the Complaint.

145. Microsoft admits that Paragraph 145 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 145 of the Complaint.

**COUNT VI: [ALLEGED] INFRINGEMENT OF THE '066 PATENT**

146. Microsoft repeats and incorporates by reference its responses to each of the preceding paragraphs as though fully set forth herein.

147. Microsoft specifically denies that it infringes, directly or jointly, any claim of the ’066 Patent. Microsoft admits that Paragraph 147 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 147 of the Complaint.

148. Microsoft admits that Paragraph 148 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 148 of the Complaint.

**COUNT VII: [ALLEGED] INFRINGEMENT OF THE ’738 PATENT**

149. Microsoft repeats and incorporates by reference its responses to each of the preceding paragraphs as though fully set forth herein.

150. Microsoft specifically denies that it infringes, directly or jointly, any claim of the ’738 Patent. Microsoft admits that Paragraph 150 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 150 of the Complaint.

151. Microsoft admits that Paragraph 151 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 151 of the Complaint.

152. Microsoft admits that Paragraph 152 appears to cite and/or reproduce screenshots from Microsoft webpages and other materials, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 152 of the Complaint.

**COUNT VIII: [ALLEGED] INFRINGEMENT OF THE ’517 PATENT**

153. Microsoft repeats and incorporates by reference its responses to each of the preceding paragraphs as though fully set forth herein.

154. Microsoft specifically denies that it infringes, directly or jointly, any claim of the '517 Patent. Microsoft admits that Paragraph 154 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 154 of the Complaint.

155. Microsoft admits that Paragraph 155 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 155 of the Complaint.

156. Microsoft admits that Paragraph 156 appears to cite and/or reproduce screenshots from Microsoft webpages, together with corresponding web addresses. Microsoft denies any remaining allegations in Paragraph 156 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Microsoft denies the allegations underlying Sandpiper CDN's Prayer for Relief, denies that Sandpiper CDN is entitled to any of the relief requested in subparagraphs A through G of the Prayer for Relief, and denies that Sandpiper CDN is entitled to any relief whatsoever. Microsoft requests that the Court deny all relief to Sandpiper CDN, enter judgment in favor of Microsoft, and award Microsoft its costs and reasonable attorneys' fees as the prevailing party in this action.

## RESPONSE TO JURY DEMAND

Sandpiper CDN's demand for a trial by jury does not require an admission or denial.

## GENERAL DENIAL

Microsoft denies infringement of any claim of the Asserted Patents, denies that any claim of the Asserted Patents is valid or enforceable, and denies that Sandpiper CDN is entitled to the relief requested or any other relief. Except as expressly admitted above, Microsoft denies each and every allegation and characterization in the Complaint, including any allegation that may be

implied or inferred from the headings, footnotes, images, or unnumbered portions of the Complaint. Any factual allegation admitted above is admitted only as to the specific admitted fact(s), and not as to any purported conclusion, characterization, implication, or speculation that may follow from the fact(s) as admitted.

**MICROSOFT'S AFFIRMATIVE AND OTHER DEFENSES**

Without conceding that it bears the burden of proof or persuasion as to any of them, and reserving the right to assert additional defenses as this action proceeds, Microsoft asserts the following affirmative and other defenses in response to the Complaint. Microsoft undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how denominated herein.

**FIRST DEFENSE: Failure to State a Claim**

Sandpiper CDN has failed to state a claim on which relief can be granted because Microsoft has not performed and is not performing any act in violation of any right validly belonging to Plaintiff.

**SECOND DEFENSE: Non-Infringement**

Microsoft has not infringed and does not infringe, directly, indirectly, contributorily, by inducement, jointly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents.

**THIRD DEFENSE: Invalidity**

Sandpiper CDN's purported claims for infringement of the Asserted Patents are barred because every claim of the Asserted Patents is invalid and/or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability

specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

**FOURTH DEFENSE: Limitation on Damages and Other Relief**

Sandpiper CDN's right to seek damages or other relief from Microsoft is limited by 35 U.S.C. §§ 284, 285, 286, 287, and/or 288, and may additionally be limited by other applicable federal statutes. To the extent Sandpiper CDN, its predecessors-in-interest, or its licensees failed to properly mark any relevant products as required by 35 U.S.C. § 287, or failed to provide Microsoft with proper and timely notice of the alleged infringement, Microsoft is not liable for any damages for acts occurring prior to such actual notice.

**FIFTH DEFENSE: Prosecution History Estoppel**

Sandpiper CDN is estopped, by reason of amendments, representations, statements, and admissions made during prosecution of the applications leading to the Asserted Patents, from construing the claims of the Asserted Patents that would be broad enough to cover any Microsoft products or methods alleged to infringe.

**SIXTH DEFENSE: No Willful Infringement; No Exceptional Case**

Sandpiper CDN is not entitled to enhanced or increased damages under 35 U.S.C. § 284, or to recovery of attorneys' fees under 35 U.S.C. § 285. Microsoft has not engaged in any conduct that meets the applicable standard for willful infringement or that would render this an exceptional case. Microsoft has at all times acted in good faith. Further, Microsoft has not infringed any claim of the Asserted Patents, and Plaintiff is therefore not entitled to enhanced or increased damages for willful infringement under 35 U.S.C. § 284, or recovery of attorneys' fees under 35 U.S.C. § 285, for at least that reason too.

**SEVENTH DEFENSE: No Injunctive Relief; No Lost Profits**

Sandpiper CDN is not entitled to injunctive relief or any other equitable relief because any alleged injury to Plaintiff is not irreparable and, even if Plaintiff were injured, it would have an adequate remedy at law in the form of monetary damages. Sandpiper CDN is further not entitled to injunctive relief with respect to any Asserted Patent that has expired. Further, to the extent Plaintiff seeks lost profits, Plaintiff is not entitled to recover any purported lost profits because Plaintiff has not pled or otherwise alleged the loss of any profits or sales caused by any product or service allegedly offered by Microsoft.

**EIGHTH DEFENSE: Equitable Doctrines**

Sandpiper CDN's claims are barred, in whole or in part, by the equitable doctrines of waiver, acquiescence, estoppel, laches, unclean hands, and/or other equitable doctrines.

**NINTH DEFENSE: Express or Implied License**

Sandpiper CDN's claims are barred, in whole or in part, by the doctrines of express or implied license. To the extent Microsoft's alleged acts were authorized, directly or indirectly, by Plaintiff, its predecessors-in-interest, or its licensees, Plaintiff is precluded from recovering damages or any other relief.

**TENTH DEFENSE: Patent Exhaustion**

Sandpiper CDN's claims are barred, in whole or in part, by the doctrine of patent exhaustion.

**RESERVATION OF ADDITIONAL DEFENSES**

Microsoft reserves all affirmative and other defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and all other defenses, at law or in equity, that now exist or may become available through discovery or further investigation

of this action. Microsoft reserves the right to amend its Answer and to assert additional defenses as they become known.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Microsoft hereby demands a trial by jury on all issues so triable.

Dated: October 19, 2026

/s/ *Benjamin C. Elacqua*
Benjamin C. Elacqua
(Lead Counsel)
Texas Bar Number 24055443
elacqua@fr.com
Fish & Richardson P.C.
909 Fannin Street, Suite 2100
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

**Counsel for Defendant**
***Microsoft Corporation***

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served via CM/ECF on October 19, 2026, upon all counsel of record.

*/s/ Benjamin C. Elacqua*
Benjamin C. Elacqua